Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* PINCUS GREENSTEIN, Respondent.

*Crimes — failure to secure payment of compensation to an employee — insufficiency of evidence to show employment — judgment of conviction properly reversed.*

People v. *Greenstein*, 215 App. Div. 359, affirmed.

(Submitted April 6, 1926; decided May 4, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 29, 1926, which reversed a judgment of the Court of Special Sessions of the city of New York, convicting the defendant of the crime of failing to secure the payment of compensation to an employee and dismissed the information. The Appellate Division held that the People had failed to show employment by defendant of the injured workman.

*Charles J. Dodd, District Attorney (Henry J. Walsh* of counsel), for appellant.

*Louis Horwitz* for respondent.

Judgment affirmed; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE and LEHMAN, JJ. Dissenting: POUND, J. Not voting: ANDREWS, J.

---

ALBERT T. BENEDICT, Respondent, *v.* CORNELIA S. BENEDICT, Appellant.

*Real property — title — action to impress trust on real property trans-ferred by third party to defendant — payment by plaintiff of cash part of consideration — execution by defendant of bond and mortgage for remainder — defense that equity was a gift.*

*Benedict* v. *Benedict*, 215 App. Div. 723, affirmed.

(Argued April 6, 1926; decided May 4, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department,

entered December 1, 1925, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term. The action was to establish a trust in real property. The complaint alleged that, when the property in question was conveyed to defendant on January 1, 1919, by a stranger hereto, for $7,250, the cash part of the consideration, to wit, $2,250, was paid by plaintiff but the title taken and recorded in defendant's name, on the strength of an express promise by defendant that if plaintiff would do this defendant would hold the title in trust for plaintiff and convey according to his demand, and that thereafter plaintiff made large expenditures on the farm. The defendant admitted that plaintiff paid the cash part of the consideration, but alleged that she secured the rest by her own purchase-money bond and mortgage, denied that she made any promise to stand seized, and claimed that the equity in the farm was a gift to her for a real consideration.

*Yorke Allen* for appellant.

*Graham Witschief* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and LEHMAN, JJ. Not voting: ANDREWS, J.

---

MARIA FUSCO, Respondent, *v.* GIUSEPPE FUSCO, Appellant.

*Husband and wife — action for separation — alimony.*

*Fusco* v. *Fusco*, 215 App. Div. 702, affirmed.

(Submitted April 7, 1926; decided May 4, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 21, 1925, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term. The action was wife against husband for a separation. The Appellate Division modified the judgment for a separation on the ground of cruel and inhuman treatment by increasing the allowance of alimony.